UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY ROMANO,

                Plaintiff,

vs.                                        Case No. 2:06-cv-375-FtM-29DNF

COLLIER COUNTY SHERIFF KEVIN J.
RAMBOSK, in his official
capacity, SECRETARY, DOC, in his
official capacity, PRISON HEALTH
SERVICES, a Florida corporation,
DOES 1-3, individually, as Does
acting as Deputy Sheriffs or
Correctional Officers at Collier
County Jail, DOES 4-7,
individually, as persons acting
as Correctional Officers at
Everglades Correctional
Institute, and DOES 8-10,
individually, as those persons
providing health services to
prisoners at Collier County Jail
and Everglades Correctional
Institute, as employees of Prison
Health Services, Inc.,

                Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court upon Defendant Sheriff's Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint (Doc. #279, Sheriff's Motion) and Defendant McNeil's Motion to Dismiss Second Amended Complaint (Doc. #285, McNeil's Motion). Plaintiff has filed responses in opposition to the Motions. See Plaintiff's Response to Sheriff's Motion (Doc. #281)

and Plaintiff's Response to McNeils' Motion (Doc. #288). For the reasons set forth below, Defendant Sheriff's Motion to Dismiss (Doc. #279) is granted and Defendant McNeil's Motion to Dismiss (Doc. #285) is denied.

**I.**

On August 19, 2009, Plaintiff, through appointed counsel,[1] filed his Second Amended Complaint (Doc. #277). The Second Amended Complaint alleges violations of 42 U.S.C. § 1983, § 1988, the Fifth, Eighth, and Fourteenth Amendments and Title II of the American With Disabilities Act, 42 U.S.C. § 12101, *et seq.* The Second Amended Complaint contains seven separate counts and names the following as Defendants: the Collier County Sheriff, Kevin J. Rambosk; the Secretary of the Florida Department of Corrections, Walter McNeil; Prison Health Services; John Does 1-3, who are persons acting as Deputy Sheriffs or Correctional Officers at the Collier County Jail; John Does 4-7, who are persons acting as Correctional Officers at Everglades Correctional Institute; and John Does 8-10, who are persons providing health care services to prisoners at Collier County Jail and Everglades Correctional Institution, as employees of Prison Health Services, Inc.

According to the Second Amended Complaint, Plaintiff suffers from "intermittent quadriplegia and permanent paraplegia" a result of 1975 motor vehicle accident causing spinal cord injuries.

---

[1]The Court appointed Plaintiff counsel in May 2009.

Second Amended Complaint at 4, ¶8. Plaintiff also suffers from bilateral carpal tunnel syndrome and experiences severe muscular spasm throughout his body. Id. He is unable to urinate or defecate without the use of medical devices and requires dietary supplements and restrictions as a result of his gastrointestinal limitations. Id. Defendants were aware of Plaintiff's disabilities. Id. at ¶12.

The Second Amended Complaint alleges that Plaintiff was in the Collier County Jail from June 26, 2005, until he was transferred, on June 6, 2008, to the Everglades Correctional Institute. Second Amended Complaint at ¶ 9. The gravamen of Plaintiff's Second Amended Complaint is that, throughout the duration of Plaintiff's incarceration within the Collier County Jail and Everglades Correctional Institution, Defendants failed to reasonably accommodate Plaintiff's needs caused by his disabilities. In particular, Plaintiff was not transported to or within the facilities in a vehicle designed to transport individuals with disabilities; the cells in which Plaintiff was housed were not ADA compliant, depriving Plaintiff of the most basic services such as running water and adequate soap for proper hygiene; Plaintiff was denied a proper diet that impeded his digestive process; Plaintiff was not provided with the adequate stents, gloves, or water in order that he could properly urinate or defecate. Id. at 4-7.

In Count I Plaintiff seeks injunctive relief for alleged violations of the Americans With Disabilities Act against the Sheriff and Secretary in their respective official capacities. Second Amended Complaint at 7-8. In Count II Plaintiff seeks declaratory relief against the Sheriff and Secretary in their respective official capacities for alleged constitutional violations.[2] In their motions to dismiss Defendants contend that, because Plaintiff is no longer in the Collier County Jail or at Everglades Correctional Institution, his claims for injunctive and declaratory relief are moot and must be dismissed. The Secretary also seeks to dismiss those portions of Counts IV, V, and VII which request injunctive or declaratory relief.

Plaintiff responds that his relocations do not moot the requests for injunctive relief because, as set forth in his Second Amended Complaint, he specifically averred that "Plaintiff desires to have access to all facilities as he desires to visit inmates and other detainees, in addition to the possibility he may be an inmate again in the future." Plaintiff's Response to McNeil's Motion at 5-6 (quoting Second Amended Complaint, ¶26). Further, Plaintiff avers that the current motions are "inappropriate as discovery is ongoing." Id.

**II.**

---

[2]Actually, the caption of Count II refers to injunctive relief but the body of the count seeks declaratory relief. The discrepancy is not material to the issues before the Court.

"If a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it. [ ] Mootness can occur due to a change in circumstances, or . . . a change in the law." Seay Outdoor Adver., Inc. v. City of Mary Esther, Fla., 397 F.3d 943, 946 (11th Cir. 2005)(internal citations omitted); Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d 1276, 1281 (11th Cir. 2004). A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a court decision could no longer provide meaningful relief to a party. Troiano 382 F.3d. at 1281-82. Whether a case is moot is a question of law, Troiano, 382 F.3d at 1282, and the party urging dismissal bears the heavy burden of establishing mootness. Beta Upsilon Chi Upsilon Chapter v. Machen, 586 F.3d 908, 916 (11th Cir. 2009).

Because mootness is about the Court's power to hear a case, Rule 12(b)(1) provides the proper framework for evaluating Defendants' Motions. Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1182 (11th Cir. 2007). Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim (or, indeed, an entire lawsuit) on the ground that the Court lacks subject matter jurisdiction. Jurisdiction may be attacked facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n. 5 (11th Cir. 2003). Facial attacks challenge the court's

jurisdiction based on the allegations in the complaint, which the court accepts as true. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). On the other hand, factual or substantive attacks challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. In such a challenge a "'trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations.'" Makro Capital of Am., Inc. v. UBS AG, 543 F.3d 1254, 1258 (11th Cir. 2008)(quoting Amway, 323 F.3d at 925).

It is well settled in the Eleventh Circuit that the transfer of a prisoner will moot his individual claim for injunctive and declaratory relief (but not his individual claims for money damages). McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984); Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007); Hathcock v. Cohen, 287 Fed. Appx. 793 (11th Cir. 2008). The Second Amended Complaint alleges, and no one disputes, that Plaintiff was transferred out of the Collier County Jail, where he had been in pretrial detention, to the Florida Department of Corrections to serve his sentence. Therefore, Plaintiff's requests for injunctive and declaratory

relief against the Sheriff in Counts I and II are moot. Additionally, requests for injunctive and declaratory relief against the Sheriff scattered in the several other counts (Counts IV, V, VII) are also moot. These counts or portions of counts will be dismissed as to the Sheriff.

The Court rejects Plaintiff's arguments that the claims are not moot as to the Sheriff. Plaintiff avers that he may be an inmate again at the Collier County Jail, and therefore the claim for injunctive relief is not moot. Both the Supreme Court and the Eleventh Circuit have rejected such claims. Spencer v. Kemna, 523 U.S. 1, 15 (1998); McKinnon, 745 F.2d at 1363 (citing Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984)). Additionally, Plaintiff's argument that he may eventually be a visitor at the facility is insufficient to create a current live controversy. Besides being speculative, a visitor would not have standing to assert the types of injuries that Plaintiff asserts as an inmate of the facility.

Plaintiff also seeks declaratory relief against the Sheriff as part of the requested relief in Counts IV and V. For the reasons stated above, the requests for declaratory relief against the Sheriff are moot. Therefore, this requested relief against the Sheriff will be stricken in Counts IV and V.

The claims against the Secretary of the Department of Corrections for injunctive or declaratory relief stand on a little different footing. Plaintiff is still in the custody of the

Secretary, although the Secretary asserts he is no longer at Everglades Correctional Institution. While this may ultimately be sufficient to moot the claims for injunctive and declaratory relief as to the Secretary, it is premature at this stage of the proceedings. While it does not appear to be disputed that Plaintiff has been transferred out of Everglades Correctional Institution, the factual record is not sufficiently developed as to the issues of whether the transfer was done to evade the jurisdiction of the court, McKinnon, 745 F.2d at 1363, or whether Plaintiff may be returned to that facility, Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975).[3] Therefore, the counts cannot be determined to be moot as to the Secretary.

### III.

The Secretary also submits that Plaintiff's claims "for compensatory and punitive damages, as well as costs and fees" are barred by the Eleventh Amendment as to the claims against the Secretary in his official capacity. The Court disagrees.

Title II of the Americans With Disabilities Act (ADA) validly abrogates state sovereign immunity insofar as it creates "a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment." United States v. Georgia, 546 U.S. 151, 159 (2006). Therefore, this aspect of the

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

motion is denied. Contrary to Defendant McNeil's averment in his Motion, Plaintiff's Second Amended Complaint does not seek punitive damages against the Secretary of the Florida Department of Corrections. <u>See generally</u> Second Amended Complaint.

**IV.**

Count VII in the Second Amended Complaint is a "General Prayer for Relief" which summarizes the relief Plaintiff seeks in his prior counts. Second Amended Complaint at 11-12. Because Count VII does not purport to state a claim, it is not a proper freestanding count and will be stricken.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant Sheriff's Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint (Doc. #279) is **GRANTED,** and Counts I and II of the Second Amended Complaint are **DISMISSED** as to defendant Kevin J. Rambosk in his official capacity as Collier County Sheriff.

2. Defendant McNeil's Motion to Dismiss Second Amended Complaint (Doc. #285) is **DENIED.**

3. Those portions of Counts IV and V seeking injunctive or declaratory relief against the Sheriff in his official capacity are **STRICKEN** as moot.

4. Count VII of the Second Amended Complaint is **STRICKEN.**

5.  Defendant Secretary, Florida Department of Corrections McNeil shall file an answer to Plaintiff's Second Amended Complaint within **fourteen (14) days** of the date of this Opinion and Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___9th___ day of July, 2010.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record