UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY ROMANO,

           Plaintiff,

vs.                                            Case No.  2:06-cv-375-FtM-29DNF

COLLIER COUNTY SHERIFF KEVIN J. RAMBOSK, in his official capacity, SECRETARY, DOC, in his official capacity, PRISON HEALTH SERVICES, a Florida corporation, KEVIN MCGOWAN, JOSEPH BASTYS, individually, acting as Deputy Sheriffs or Correctional Officers at Collier County Jail, NANCY FINISSE, GISELA PICHARDO, CARL BALMIR, CHRISTOPHER TAGGART, individually, as persons acting as Correctional Officers at Everglades Correctional Institute, INDIANA CRUZ, CALXITO CALDERON, MARCIA ECKLOFF, VICKIE FREEMAN, individually, as those persons providing health services to prisoners at Collier County Jail and Everglades Correctional Institute, as employees of Prison Health Services, Inc., ARAMARK CORRECTIONAL SERVICES, LLC, DORA JURADO, SANDINA WHITE, EBENEZER BOTE, FNU PETERSEN, individually, as those persons providing nutritional services to prisoners at Collier County Jail,

           Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court upon Defendant Prison Health Services, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #320, PHS Motion).  Plaintiff filed a response in

opposition to the PHS Motion.  See Plaintiff's Response to PHS Motion (Doc. #329, Response).  For the reasons set forth below, PHS' Motion is denied.

**I.**

On August 12, 2010, Plaintiff, through appointed counsel, filed his Third Amended Complaint (Doc. #311, Complaint).[1]  The Complaint alleges violations of 42 U.S.C. § 1983, § 1988, the Fifth, Eighth, and Fourteenth Amendments and Title II of the American With Disabilities Act, 42 U.S.C. § 12101, *et seq.,* as well as pendent State law claims for negligence.  See generally Complaint.

According to the Complaint, Plaintiff suffers from "intermittent quadriplegia and permanent paraplegia" a result of 1975 motor vehicle accident causing spinal cord injuries. Complaint, ¶14.  Plaintiff also suffers from bilateral carpal tunnel syndrome and experiences severe muscular spasms throughout his body.  Id.  Due to his condition, Plaintiff is unable to "urinate normally and must use a catheter or stent."  Further, "Plaintiff's dietary functions depend on a medically necessary diet and other factors."  Id.  If Plaintiff fails to adhere to the diet, his "bowel movement process is considerably more complicated,"

---

[1] Although entitled "Plaintiff's Fourth Amended Complaint" (Doc. #311), the operative pleading is actually Plaintiff's Third Amended Complaint.  See Second Amended Complaint (Doc. #277) filed by appointed counsel on August 18, 2009.

resulting in Plaintiff becoming "completely constipated" and having to "manually remove the feces" from his anus. Id. Defendants were aware of Plaintiff's disabilities. Id., ¶19.

The Complaint alleges that Plaintiff was in the Collier County Jail from June 26, 2005, until he was transferred, on June 6, 2008, to the Everglades Correctional Institution. Id., ¶15. Defendant PHS was contracted to provide medical and non-medical services to inmates at Collier County Jail and Everglades Correctional Institution. Id., ¶10. Defendants Cruz, Calderon, Eckloff and Freeman, were employees of PHS. Id., ¶11.

The gravamen of Plaintiff's Complaint is that, throughout the duration of Plaintiff's incarceration within the Collier County Jail and Everglades Correctional Institution, the various named Defendants failed to reasonably accommodate Plaintiff's needs caused by his disabilities.  In particular, Plaintiff was not transported to or within the facilities in a vehicle designed to transport individuals with disabilities; the cells in which Plaintiff was housed lacked necessary modifications, depriving Plaintiff of the most basic services such as running water and adequate soap for proper hygiene; Plaintiff was denied a proper diet that impeded his digestive process; Plaintiff was not provided with the adequate supply of stents, sterile latex gloves in order that he could properly urinate or defecate; Plaintiff could not ambulate long distances without the use of an electric wheelchair;

was denied an electric wheelchair and not provided with appropriate braces for short movements or transfers. Id., ¶¶20-36.

The Complaint contains twenty-six (26) separate counts. In Count XIX, Plaintiff alleges a State pendent claim of negligence against PHS and the individual employees of PHS. In particular, Plaintiff claims that PHS and its employees failed to "provide adequate medical devices to Plaintiff," "failed to provide sterile stents and latex gloves and cleansing products," and "failed to provide adequate clothing" in light of Plaintiff's "known medical needs and disability." Id., ¶82.

PHS contends that, because Plaintiff failed to comply with the pre-suit requirement of the Florida Medical Malpractice Act, Fla. Stat. 766.106, Plaintiff's claims for declaratory and monetary relief against PHS for the acts of its employees must be dismissed. See generally Motion. PHS argues that Plaintiff's claim "is a medical malpractice claim." Motion at 5. PHS submits that whether Plaintiff "needed to use catheters and whether those catheters could be reused is a matter of medical judgment." Id.

Plaintiff responds that his claims against PHS are not sounded in medical malpractice but stem from simple negligence. See generally Response. Plaintiff asserts that liability is predicated upon the fact that Plaintiff was "not provided with adequate supplies," which does not entail any application of medical skill or knowledge. Id. at 3. Instead, PHS' employees were simply

indifferent to Plaintiff's needs. Id. Indeed, Plaintiff submits that anyone "can order or purchase latex gloves, compression stockings and catheters from a medical supply store or online." Id. However, due to Plaintiff's incarceration, Plaintiff had to request and obtain theses supplies from PHS.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ____, 129 S.

Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Conley v. Gibson, 355 U.S. 41 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701.

**III.**

Section 766.106, Florida Statutes, part of the Comprehensive Medical Malpractice Reform Act of 1985, identifies medical negligence or medical malpractice claims as those "arising out of the rendering of, or the failure to render, medical care or services." § 766.106(1)(a), Fla. Stat. A claimant must comply with certain procedural requirements prior to initiating a lawsuit, including providing the defendant with a notice of intent to sue, id. § 766.106(2), and conducting presuit screening, id. § 766.203(2). These requirements are conditions precedent to maintaining a suit for medical malpractice under Florida law. Univ. of Miami v. Wilson, 948 So.2d 774, 776 (Fla. 3d DCA 2006). Thus, a complaint alleging medical malpractice is properly dismissed if these provisions are not satisfied. Goldfarb v. Urciuoli, 858 So.2d 397, 398-99 (Fla. 1st DCA 2003). In order to qualify as a medical malpractice claim, the wrongful act alleged "must be directly related to the improper application of medical services and the use of professional judgment and skill." Quintanilla v. Coral Gables Hops., Inc., 941 So.2d 468. 469 (Fla. 3d DCA 2006)(citations omitted). More specifically, "[a]n action for medical malpractice is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment or care by any provider of health care."

<u>Silva v. Southwest Fl. Blood Bank, Inc.</u>, 601 So. 2d 1184, 1189 (Fla. 1992). Thus, if Plaintiff's claim is one for medical negligence rather than ordinary negligence, and if PHS is a "health care provider," Plaintiff's Complaint should be dismissed with prejudice.[2]

Plaintiff does not dispute that he did not provide the pre-suit notice required by the Florida Medical Malpractice Act. Further, Plaintiff does not dispute that PHS is a medical provider. Instead Plaintiff maintains that his claim is not predicated on medical negligence, but instead is predicated on ordinary negligence.

Upon review, the Court finds that the operative Complaint contains sufficient allegations to state a claim of ordinary negligence in failing to provide Plaintiff with access to appropriate supplies while Plaintiff was incarcerated without relying upon the professional standard of care. <u>Horst v. Parker</u>, Case No. 6:07-cv-612-Orl-19KRS, 2007 WL 557243 (M.D. Fla. 2007); <u>Nobles v. Corrections Corp.</u>, Case No. 4:07-cv-288-SPM/WCS, 2008 WL 686962 (N.D. Fla. 2008); <u>Silva v. Southwest Fl. Blood Bank, Inc.</u>, 601 So.2d at 1189. Ordinary negligence claims do not require

---

[2]Because the condition precedent is not jurisdictional, a plaintiff can cure the default and proceed with the suit as long as the pre-suit requirements are met within the applicable statute of limitations. <u>Kukral v. Mekras</u>, 679 So. 2d 278, 283 (Fla. 1996). Here, PHS asserts that statute of limitations has run on Plaintiff's claim.

compliance with the notice and pre-screening requirements of § 766.106.  <u>Kelley v. Rice</u>, 670 So.2d 1094, 1096 (Fla. 2d DCA 1996).  Consequently, the Court finds that the allegations of the Complaint plausibly state a claim for ordinary negligence to survive PHS Motion to Dismiss.  <u>Twombley</u>, 550 U.S. 544.

ACCORDINGLY it is hereby

**ORDERED**:

1. Defendant Prison Health Services, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #320) is **DENIED**.

2. PHS shall file an answer to Plaintiff's Third Amended Complaint **within fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, on this __22nd__ day of December, 2010.

_____
JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record