```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

TONY ROMANO,

                Plaintiff,

vs.                              Case No. 2:06-cv-375-FtM-29DNF

COLLIER COUNTY SHERIFF KEVIN J. RAMBOSK, in his official capacity, SECRETARY, DOC, in his official capacity, PRISON HEALTH SERVICES, a Florida corporation, KEVIN MCGOWAN, JOSEPH BASTYS, individually, acting as Deputy Sheriffs or Correctional Officers at Collier County Jail, NANCY FINISSE, GISELA PICHARDO, CARL BALMIR, CHRISTOPHER TAGGART, individually, as persons acting as Correctional Officers at Everglades Correctional Institute, INDIANA CRUZ, CALXITO CALDERON, MARCIA ECKLOFF, VICKIE FREEMAN, individually, as those persons providing health services to prisoners at Collier County Jail and Everglades Correctional Institute, as employees of Prison Health Services, Inc., ARAMARK CORRECTIONAL SERVICES, LLC, DORA JURADO, SANDINA WHITE, EBENEZER BOTE, FNU PETERSEN, individually, as those persons providing nutritional services to prisoners at Collier County Jail,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon Defendant Aramark Correctional Services, LLC's "Motion to Dismiss Plaintiff's [Third]

Amended Complaint and Motion to Strike" (Doc. #332, Motion). Plaintiff filed a response in opposition to the Motion and seeks leave to amend the operative complaint as to Aramark only. See Plaintiff's Response in Opposition to Defendant Aramark Correctional Services, LLC'S Motion to Dismiss Plaintiff's [Third] Amended Complaint and Motion for Leave to Amend as to Aramark Only (Doc. #340, Response). Defendant Aramark filed a reply to Plaintiff's Response, after being directed by the Court to file a reply to Plaintiff's motion seeking leave to amend the operative pleading as to Aramark (Doc. #364, Aramark's Reply). For the reasons set forth below, the Motion to Dismiss is denied, the Motion to Strike is moot in part and denied in part, and Plaintiff's motion to file an amended complaint as to Aramark, incorporated within Plaintiff's Response, is granted.

**I.**

On August 12, 2010, Plaintiff, through appointed counsel, filed his Third Amended Complaint (Doc. #311, Complaint).[1] The Complaint alleges violations of 42 U.S.C. § 1983, § 1988, the Fifth, Eighth, and Fourteenth Amendments and Title II of the American With Disabilities Act, 42 U.S.C. § 12101, *et seq.,* as well

---

[1] Although entitled "Plaintiff's Fourth Amended Complaint" (Doc. #311), the operative pleading is actually Plaintiff's Third Amended Complaint. See Second Amended Complaint (Doc. #277) filed by appointed counsel on August 18, 2009.

as pendent State law claims for negligence. See generally Complaint.

According to the Complaint, Plaintiff suffers from "intermittent quadriplegia and permanent paraplegia" a result of 1975 motor vehicle accident causing spinal cord injuries. Complaint, ¶14. Plaintiff also suffers from bilateral carpal tunnel syndrome and experiences severe muscular spasms throughout his body. Id. Due to his condition, Plaintiff is unable to "urinate normally and must use a catheter or stent." Further, "Plaintiff's dietary functions depend on a medically necessary diet and other factors." Id. If Plaintiff fails to adhere to the diet, his "bowel movement process is considerably more complicated," resulting in Plaintiff becoming "completely constipated" and having to "manually remove the feces" from his anus. Id. Defendants were aware of Plaintiff's disabilities. Id., ¶19.

The Complaint alleges that Plaintiff was in the Collier County Jail from June 26, 2005, until he was transferred, on June 6, 2008, to the Everglades Correctional Institution. Id., ¶15. Defendant Aramark contracted with the Collier County Jail to provide "nutritional services to prisoners at the Collier County Jail." Id., ¶12. Defendants Dora Jurado, Sandina White, and Petersen were were employees of Aramark. Id., ¶13. The Complaint avers that "Plaintiff was required to have a diet consistent with his known disability in order to remain free from pain and to aid digestion

and defection." Id., ¶25. It further alleges that Defendants Aramark, White, Petersen and Bote were aware of these dietary needs, both through medical prescriptions and grievances filed by Plaintiff." Id., ¶26.[2]

As to Aramark, the gravamen of Plaintiff's Complaint is set forth in Count XX of the Complaint. Therein, Plaintiff alleges a negligence claim against Aramark and the individually named Aramark employees, under a theory of vicarious liability. See generally Complaint at p. 24-25. Plaintiff alleges that, throughout the duration of Plaintiff's incarceration within the Collier County Jail, the individual Defendants, while acting within the scope of their employment with Aramark, breached a duty of care to Plaintiff by failing to provide Plaintiff with a renal diet that met Plaintiff's nutritional needs due to his medical condition. Id. In particular, the Defendants "failed to timely provide nutritional services and renal diet to the Plaintiff based on his serious medical needs and known disability" and "failed to provide a consistent renal diet" which caused injury to Plaintiff. Id. at 24, ¶¶87-88. Plaintiff seeks declaratory relief, as well compensatory and punitive damages, and costs, fees and expenses pursuant to 42 U.S.C. § 1988. Id. at 25.

---

[2]Defendant Bote is not named in paragraph 13 but is identified on the caption of the Complaint as a "person[] providing nutritional services to prisoners at the Collier County Jail." Complaint at 1.

Aramark contends that the Complaint is subject to dismissal because Plaintiff has failed to comply with Federal Rules of Civil Procedure 8 and 10, in that Plaintiff "has failed to separate the claims against individual defendants and Aramark and has failed to plead facts supporting each individual transaction and occurrence to which he contributes [sic] negligent conduct." Motion at 2, ¶5. In the alternative, Aramark submits that the Court should strike Plaintiff's requests for punitive damages, claims for violating Plaintiff's constitutional rights and rights under the American with Disabilities Act, request for injunctive relief under Count VIII, and request for attorney's fees pursuant to § 1988. Motion at 3, ¶¶7-9.

Plaintiff responds that the pleading complies with Rules 8 and 10. Response at 2-3. Further, Plaintiff states that the Complaint sets forth a negligence claims against Aramark under a theory of vicarious liability, based upon the alleged negligent actions of its agents and employees who were working within the scope of their employment. <u>Id.</u> at 3. In the alternative, Plaintiff proposes to file an amended pleading as to Aramark so it "sounds against Aramark only" and "eliminates the employees of Aramark as named Defendants in this matter." <u>Id.</u> at 4. Further, Plaintiff agrees to amend the relief portion of its Complaint against Aramark to reflect that Plaintiff seeks only compensatory damages and declaration that Aramark breached its duty of care to Plaintiff as

relief. Id., Exh. A. Defendant Aramark rejects Plaintiff's proposed amendments to the Complaint. See generally Reply.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the

plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Conley v. Gibson, 355 U.S. 41 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701.

**III.**

**1. Aramark Motion to Dismiss**

Upon review, the Court finds that the operative Complaint adequately complies with the strictures of Federal Rules 8 and 10

and gives fair notice to Defendant Aramark as to the nature of Plaintiff's claims. It is entirely unclear on what basis Defendant Aramark contends that the Complaint violates Rule 10. Further, Rule 8 requires only "notice pleading." <u>Swierkiewicz v. Sorema N.A.</u>, 534 F.3d 506, 512, 513-14 (2002). Additionally, a complaint must "contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 960 (11th Cir. 2009)(emphasis and internal quotations omitted). The Plaintiff has satisfied this burden.

Here, Plaintiff, who was incarcerated in the Collier County Jail, alleges that he had a known disability that required a special diet. That Aramark contracted with the Collier County Jail to provide nutritional diets to inmates at the Collier County Jail. That the employees of Aramark were aware of Plaintiff's special diet needs. That the employees of Aramark failed to provide Plaintiff with the special diet that was required due to his disability during his incarceration in the Collier County Jail. That as a result of the Ararmark employees' failure to provide Plaintiff with the special diet, Plaintiff suffered an injury.

These allegations satisfy all the elements of a Florida claim of negligence. <u>See</u> <u>Curd v. Mosaic Fertilizer, LLC</u>, 39 So. 3d 1216, 1227 (Fla. 2010)(citations omitted)(recognizing the following four

elements: duty,[3] breach of duty, proximate cause, and injury). Further, the claim against Aramark for the negligent acts of its employees is recognized under Florida law. See Am. Home Assurance Co. v. Nat'l R.R. Passenger Corp., 908 So. 2d 459, 467 (Fla. 2005) (citing Restatement (Third) of Torts: Apportionment of Liability § 13 (2000) and recognizing an employer is burdened with the liability resulting from the negligence of its employees; i.e., the employee's liability is imputed to the employer. The Plaintiff "need not prove his case on the pleadings-his [ ] Complaint must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim, that" the Aramark employees were negligent. Speaker v. U.S. Dep't of Health & Human Srvs. Ctrs. for Disease Control & Prevention, 623 F. 3d 1371, 1386 (11th Cir. 2010). For these reasons, the Court finds that the allegations of the Complaint plausibly state a claim for negligence against the employees of Aramark to survive Aramark's Motion to Dismiss. Twombley, 550 U.S. 544.

**2. Aramark's Motion to Dismiss/Plaintiff's Motion to Amend**

With regards to Defendant Aramark's Motion to Strike, Plaintiff proposes to file an amended complaint to correct the alleged deficiencies raised by Aramark. See generally Exhibit A. As reflected in its proposed amendments to the Complaint, Plaintiff

---

[3]Under Florida law, duty is linked to foreseeability and may be imputed from the general facts of a case. Clay Electric Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003).

concedes that it improperly sought declaratory relief against Aramark for violating Plaintiff's constitutional rights, and request for punitive damages, costs, expenses and attorney fees pursuant to 42 U.S.C. § 1988. Response at 3-4; see also Exhibit A. Further, Plaintiff clarifies that he predicates liability upon the individually-named Aramark Defendants based upon the fact that the individually-named Defendants were employees of Aramark who were acting within the scope of their employment during the times of the alleged acts of negligence. Id. Based upon the concessions made by Plaintiff, the Court will permit Plaintiff to file the proposed amended complaint. Thus, Aramark's Motion to Strike is moot, to the extent set forth herein. However, Aramark's Motion to Strike as to Plaintiff's general claim for relief as set forth in Count VIII is denied because Claim VIII is directed at Defendant Calderon only.

ACCORDINGLY it is hereby

**ORDERED:**

1. Defendant Aramark's Motion to Dismiss Plaintiff's [Third] Amended Complaint (Doc. #332) is **DENIED.**

2. Plaintiff's Motion for Leave to File Amended Complaint, incorporated within Plaintiff's Response to Aramark's Motion (Doc. #340) is **GRANTED,** and Defendant Aramark's Motion to Strike (Doc. #332) Plaintiff's request for declaratory relief against Aramark for violating Plaintiff's constitutional rights and rights under

the American with Disabilities Act, and request for punitive damages, costs, expenses and attorney fees pursuant to 42 U.S.C. § 1988 is deemed **MOOT in light of the amended complaint.** In all other respects the Motion to Strike is **DENIED.**

3. The **Clerk** shall accept for filing and docket Plaintiff's proposed amended complaint (Exhibit A) and entitled it "**Plaintiff's Fourth Amended Complaint dated January 6, 2010.**"

4. Defendant Aramark shall file an answer or otherwise respond to Plaintiff's Fourth Amended Complaint **within fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, on this __6th__ day of January, 2011.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record