```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

TONY ROMANO,

           Plaintiff,

vs.                              Case No. 2:06-cv-375-FtM-29DNF

SECRETARY, DOC, in his official capacity, NANCY FINISSE, GISELA PICHARDO, CARL BALMIR, CHRISTOPHER TAGGART, individually, as persons acting as Correctional Officers at Everglades Correctional Institute, BLONDELL TATE, ALONSO PERKINS, and OSCAR ORTEGA,

           Defendants.[1]

_____

## OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion for Judgment on the Pleadings (Doc. #425, Motion) filed February 16, 2011, on behalf of Defendants McNeil, Taggart, Finnese and Perkins. Due to the settlement with Defendants Taggart, Finnese and Perkins, the Court construes the instant Motion as brought solely on behalf of Defendant McNeil. Defendant McNeil seeks judgment on the pleadings on the basis that Plaintiff failed to properly exhaust

---

[1] On April 18, 2011, Plaintiff filed a Notice of Stipulated Settlement with Dr. Balmier and Stipulated Notice of Dropping Dr. Ortega as a Party (Doc. #470). On April 27, 2011, Plaintiff filed a Stipulated Settlement with Defendants Finesse, Perkins, and Taggart, and Stipulated Notice of Dropping Defendants Tate and Pichardo (Doc. #473). Consequently, Defendant McNeil, in his official capacity, remains the sole Defendant in this action.

his administrative remedies as to all claims in his amended complaint prior to filing suit, i.e., prior to filing the original complaint. Motion at 1. In the alternative, Defendant seeks to be dismissed from this action due to misjoinder. Id. Plaintiff has filed a response in opposition to the Motion. See Plaintiff's Response to Motion on the Pleadings (Doc. #443, Response), filed March 17, 2011. This matter is ripe for review.

## I.

Plaintiff's Fourth Amended Complaint (Doc. #383, Fourth Complaint) alleges violations of the Fifth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. §§ 1983 and 1988, and violations of Title II of the American With Disabilities Act, 42 U.S.C. § 12101, *et seq.,* as well as pendent State law claims for negligence. See generally Fourth Complaint. According to the Fourth Complaint, Plaintiff suffers from "intermittent quadriplegia and permanent paraplegia" a result of 1975 motor vehicle accident causing spinal cord injuries. Fourth Complaint, ¶14. Plaintiff also suffers from bilateral carpal tunnel syndrome and experiences severe muscular spasms throughout his body. Id. Due to his condition, Plaintiff requires certain accommodations.

Plaintiff was in the Collier County Jail from June 26, 2005, until he was transferred, on June 6, 2008, to the custody of the Secretary of the Florida Department of Corrections and confined in Everglades Correctional Institution. Id., ¶15. The gravamen of

Plaintiff's Fourth Complaint is that, beginning with Plaintiff's incarceration in the Collier County Jail and continuing throughout his incarceration in Everglades Correctional Institution, Plaintiff's needs caused by his disabilities were not reasonably accommodated. In particular, Plaintiff was not transported in a vehicle designed to transport individuals with disabilities; the cells Plaintiff were housed in were not ADA compliant, depriving Plaintiff of the most basic services such as running water and adequate soap for proper hygiene; Plaintiff was denied a proper diet that impeded his digestive process; and Plaintiff was not provided with the adequate stents, gloves, or water in order that he could properly urinate or defecate. Id. at 4-7. Plaintiff suffered various injuries and damages and seeks declaratory and injunctive relief, as well as compensatory damages, fees and costs against the Defendants. Id. at 10-12, 20-21 (Counts I, II, III, XVII and XVIII).

Additionally, the Fourth Complaint avers that Plaintiff utilized the grievance process in an attempt to correct the constitutional and ADA violations, and "satisfied all conditions precedent and exhausted all administrative remedies." Id., ¶¶113-114. In response to his grievances, Plaintiff was subjected to various forms of retaliatory conduct, which "was the result of a custom and/or policy of encouraging, tolerating, permitting or

ratifying a pattern of such behavior" by the Florida Department of Corrections. Id., ¶115 (Count XXVI).

Defendant McNeil contends that the Fourth Complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies prior to initiating this action since the original complaint was filed on July 10, 2006, almost two years before Plaintiff was transferred to the custody of the Florida Department of Corrections on June 6, 2008. Motion at 3.[2] In essence, Defendant McNeil argues that the exhaustion requirement, set forth at 42 U.S.C. § 1997(e), must be completed prior to the time an inmate files his initial complaint, regardless of whether a plaintiff subsequently amends a complaint to join additional parties and claims. Id. at 5 (stating "it is plainly evident that Plaintiff could not have exhausted his administrative remedies against the FDOC and its officials prior to filing suit as he was not in the custody of the FDOC at the time he filed his original complaint.").

In the alternative, Defendant McNeil seeks dismissal from the action on the basis that Plaintiff has improperly joined unrelated

---

[2]Defendant claims that the Complaint "in a shotgun fashion" alleges various violations. Motion at 2. To the extent that Defendant considered Plaintiff's pleading defective, Defendant's remedy was to move for a more definite statement under Rule 12(e). Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996). Defendant filed an answer to the Complaint, suggesting to the Court that it was not "virtually impossible" for Defendant "to know which allegations of fact are intended to support which claims for relief. Id.

-4-

claims. Id. at 5. In particular, Defendant submits that the alleged violations occurring at Collier County Jail and at Everglades Correctional Institution are "entirely different occurrences" because the "claims arise from separate events allegedly involving separate individuals." Id. at 7. Defendant argues that severance of the claims would not be appropriate because Plaintiff would be alleviated of the filing fee requirement pursuant to the PLRA. Id. at 11.

Finally, Defendant requests that the Court certify a question regarding the exhaustion issue to the Eleventh Circuit of Appeals in order for the Defendant to pursue an interlocutory appeal if the Court concludes that Plaintiff has exhausted his administrative remedies. Motion at 11. For the reasons set forth below, the Court denies Defendant's Motion in its entirety.

## II.

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1291 (11th Cir. 2002)(quoting Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). The Court must accept the facts in the complaint as true

and view them in the light most favorable to the nonmoving party. Hart v. Hodges, 587 F.3d 1288, 1290 (11th Cir. 2009). Judgment on the pleadings is appropriate only if it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002)(citing White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999)). As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-564 (2007).

### III.

The Complaint unequivocally avers that Plaintiff "satisfied all conditions precedent and exhausted all administrative remedies." Complaint at 29, ¶114. Defendant McNeil does not dispute or present any evidence that Plaintiff did not avail himself of the grievance procedures available within the Florida Department of Corrections after Plaintiff was transferred from the Collier County Jail to Everglades Correctional Institution in June 2008. See generally Motion. Instead, Defendant argues that, as a matter of law, the PRLA's exhaustion requirement must be completed as to all parties and claims prior to an inmate initiating an action, regardless as to whether the complaint is subsequently amended to join additional claims or parties. Id. The Court

disagrees with Defendant's constrained reading of 42 U.S.C. § 1997(e).

It is undisputed that, on July 10, 2006, while confined in the Collier County Jail and proceeding *pro se*, Plaintiff filed this lawsuit against Defendants. See generally Complaint (Doc. #1, original complaint). After being appointed counsel, Plaintiff filed a Second Amended Complaint on July 20, 2009 (Doc. #277, Second Complaint), which was some eleven months after Plaintiff was transferred to Everglades Correctional Institution and, which for the first time, included new claims against the Secretary of the Florida Department of Corrections. After obtaining leave of Court, Plaintiff subsequently filed supplemental pleadings adding additional parties and claims presumably as they became known and ripe, until the Fourth Amended Complaint, which is the operative pleading, was accepted for filing by the Court on January 6, 2011.

Rule 15, of the Federal Rules of Civil Procedure defines the circumstances under which a party may amend its pleading. Fed. R. Civ. P. 15 (a)-(d). Once amended, the amended pleading supercedes the original pleading, and only those issues raised in the amended pleading are properly before the court. Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006). Indeed, "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Id. (internal quotations and citations omitted).

> The PLRA's exhaustion provision provides:
>
> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1983. As a general rule an inmate must fully and properly exhaust all available administrative remedies before he can file a § 1983 lawsuit in federal court. Woodford v. Ngo, 548 U.S. 81, 84 (2006); see also Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). However, in striking down the Sixth Circuit's requirement that exhaustion must be affirmatively pled by an inmate in a complaint, the Supreme Court in Jones noted "there is . . . no reason to suppose that the normal pleading rules have been altered to facilitate" the PLRA's screening and exhaustion requirements. Jones, 549 U.S. at 214.

Here, Plaintiff's Second Amended Complaint added new claims and new parties, which were not identified in the original complaint. As acknowledged by Defendant McNeil, Plaintiff was not transferred from Collier County Jail to Everglades Correctional Institution until June 2008. The Second Amended Complaint, filed August 2009, included new claims concerning the conditions of Plaintiff's confinement at Everglades. Clearly, these new claims did not exist at the time Plaintiff filed his initial complaint.

Further, Plaintiff avers that the new claims against the Secretary were properly exhausted prior to his filing his Second Amended Complaint. Response at 4, ¶16.

The Court finds that the exhaustion requirement of the PLRA only required Plaintiff to fully and properly exhaust the new claims prior to the time he filed the amended complaint that included the new claims. This is consistent with the reasoning employed by the Jones Court when they expressly rejected the argument that the "no action shall be brought" language was synonymous with no complaint shall be brought. Id. at 220-221. Although the Eleventh Circuit has not yet addressed this issue, other circuits have flatly rejected the argument advanced by Defendant. See Barnes v. Briley, 420 F.3d 673, 679 (7th Cir. 2005)(holding, in action originally brought under Federal Tort Claims Act, that "filing of the amended complaint [containing new § 1983 claims] was the functional equivalent of filing a new complaint, . . . and it was only at that time that it became necessary to have exhausted the administrative remedies" against defendants); Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010)(finding prisoner satisfied PLRA exhaustion requirement where prisoner filed grievances on new claims that arose after initial complaint, exhausted those new claims, and then filed amended complaint alleging new claims). See also, Green v. Dep't of Corr., 393 F. App'x 20, 24 (3d Cir. 2010)(distinguishing facts from Barnes

and pointing out that "[t]his is not a case where the cause of action did not exist at the time Green filed the original complaint.").  Defendant's theory that the claims against the Secretary must be dismissed because they were not exhausted prior to Plaintiff initiating this lawsuit would unreasonably demand a plaintiff to "shoulder an impossible task to exhaust remedies not yet pertinent to the allegations of the filed complaint." <u>Barnes v. Briley</u>, 420 F.3d at 678.  Consequently, the Court denies the Motion and finds that Plaintiff has properly alleged that he did exhaust his administrative remedies as against the Secretary.

**IV.**

Defendant requests the Court to certify this issue for appeal, if the Court finds that Plaintiff exhausted his administrative remedies.  The Court declines to certify this issue for appeal.

Under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b)(emphasis in original). Here, the Court finds that Defendant has not presented a controlling question of law as to which there is a substantial ground for difference of opinion. All circuits that have addressed this issue agree with the Court's conclusion. Therefore, the Court declines to certify a question on the exhaustion issue.

## V.

Finally, Defendant argues, for the first time, that Plaintiff's claims arising out of his incarceration in Everglades Correctional Institution are improperly joined with his claims arising out of Plaintiff's incarceration at Collier County Jail. Motion at 5. Defendant McNeil was added as a Defendant to Plaintiff's Second Amended Complaint filed in August 2009, and Defendant did not raise the misjoinder issue in his Motion to Dismiss Plaintiff's Second Amended Complaint.[3] See generally Doc. #285. Because Defendant McNeil is the sole remaining Defendant, the Court finds any basis to order severance now moot. Further, Defendant's argument that severance would permit Plaintiff to avoid the PLRA's filing fee requirement is unpersuasive. The case cited by Defendant, Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001), addressed the PLRA's filing fee requirement in terms of multiple plaintiff's joining in filing a single complaint, as

---

[3] Clearly, in addition to arguing improper joinder, Defendant could have sought dismissal pursuant to 12(b)(3) for improper venue.

opposed to an individual plaintiff filing multiple related claims in a single complaint. As noted earlier, there is nothing in the PLRA that prohibits a plaintiff from joining related claims in a single complaint as permitted by the Federal Rules of the Civil Procedure, and the Court will not infer that Congress meant so otherwise. See Jones v. Bock, 549 U.S. at 216 (noting that "when Congress meant to depart from the usual procedural requirement, it did so expressly.").

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant McNeil's Motion for Judgment on the Pleadings (Doc. #425) is **DENIED**.

2. The Court declines to certify a question on appeal concerning the exhaustion issue raised herein.

**DONE AND ORDERED** at Fort Myers, Florida, on this __10th__ day of May, 2011.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record