UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY ROMANO,

               Plaintiff,

vs.                         Case No.  2:06-cv-375-FtM-29DNF

SECRETARY, DOC, in his official
capacity,

               Defendant.

_____

## ORDER

This matter comes before the Court upon the following pending motions: (1) Defendant's Motion to Amend/Correct Answer (Doc. #487) filed May 19, 2011; (2) Plaintiff's Motion to Supplement Disclosure/Witness List (Doc. #492), filed May 27, 2011; and (3) Plaintiff's Motion to Strike (Doc. #496), filed June 1, 2011. Plaintiff filed a response in opposition to Defendant's Motion to Amend (Doc. #498), and Defendant filed responses in opposition to Plaintiff's Motion to Supplement (Doc. #497, Response) and Plaintiff's Motion to Strike (Doc. #504). These matters are ripe for review.

**Defendant's Motion to Amend (Doc. #487)**

Defendant seeks to amend his operative Answer and Affirmative Defenses to include the defense of mitigation of damages. _See generally_ Defendant's Motion to Amend. Defendant acknowledges that the defense was not included in either his initial Answer or in his operative Answer. _See_ Defendant McNeil's Answer, Affirmative

Defenses, and Demand for Jury Trial, filed July 22, 2010 (Doc. #308), and Defendant McNeil's Answer to [Third] Amended Complaint, Affirmative Defenses, and Demand for Jury Trial, filed August 26, 2010 (Doc. #318).  Defendant seeks to include the mitigation of damages defense on the basis that the defense was included in other defendants' answers who have either settled or have been dismissed. Motion at 2, ¶4.  Defendant claims that he "only learned of the need to assert the defense upon taking Plaintiff's second deposition on March 9, 2011." Id., ¶5. I

In response, Plaintiff points out that, in addition to failing to raise the mitigation of damages defense in Defendant's initial Answer or operative Answer, Defendant elected not to file an amended answer to the operative complaint, Plaintiff's Fourth Amended Complaint (Doc. #383).[1]  Response at 1.  Further, despite

---

[1]Because Defendant did not file a responsive pleading to Plaintiff's Fourth Amended Complaint, which was accepted by the Court for filing on January 6, 2011 (Doc. #383), the Court deems Defendant's Answer to Fourth Amended Complaint, Affirmative Defenses, and Demand for Jury Trial, filed August 26, 2010 (Doc. #319, Defendant's Answer), as Defendant's operative responsive pleading in this matter.  The Court notes that the sole remaining count of the operative Complaint (Count XVIII) is identically worded in the Third (Doc. #311) and Fourth Amended Complaints, although sequentially numbered differently.  In particular, two additional factual allegations concerning Defendant Aramark were added in the Fourth Amended Complaint, beginning at paragraph 26. These allegations do not otherwise change the factual allegations relevant to which Defendant has otherwise responded.  Consequently, the Court will omit paragraphs 27 and 28 from the Fourth Amended Complaint when construing Defendant's operative answer in order that the answer sequentially respond to the allegations of the operative complaint that are relevant to Defendant.

Defendant's acknowledgment that he learned of the need to raise the mitigation of damages defense on March 9, 2011, Defendant first advised Plaintiff of his intent to raise the defense on April 22, 2011, when the parties convened to prepare the Joint Pretrial Statement.   Plaintiff also contends he will be prejudiced if Defendant is permitted to amend his Answer at this late date.

Based upon the record and applicable law, the Court denies Defendant's Motion to Amend.  Rules 15 and 16 of the Federal Rules of Civil Procedure guide the Court's decision in determining whether to allow an untimely amendment to the pleadings.  <u>Nobles v. Rural Cmty. Ins. Servs.</u> 303 F. Supp. 2d 1279, 1283 (M.D. Ala. 2004).[2]  The Eleventh Circuit Court of Appeals has found that Rule 16's good-cause standard "precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension."  <u>Sosa v. Airprint Sys. Inc.</u>, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory

---

[2]Rule 15 provides that, "[A] party may amend its pleadings once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15 states that, "[t]he court should freely give leave when justice so requires."  <u>Id.</u>

On the other hand, Rule 16, requires the court to issue a scheduling order that "limit[s] the time to . . . amend the pleadings."  Fed. R. Civ. P. 16(b)(3)(A).  After the scheduling order has been entered, the "schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4).

committee's note and rejecting excusable neglect standard).  Thus, a party seeking to amend must be able to demonstrate diligence. Id.  Lack of diligence includes a party's "failure to seek the information it needs to determine whether an amendment is in order."  Southern Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241, n.3 (11th Cir. 2009).  "A district court's order to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion."  Sosa, 133 F.3d at 1418.

In this case, the Defendant has not acted with diligence.  The instant Motion was filed on the eve of the Final Pretrial Hearing, well after the deadline for amending the answer, 2 ½ months after the close of discovery, and past the date for filing dispositive motions.  Further, the Court finds this proposed amendment is prejudicial to Plaintiff.  Defendant's argument that he should be permitted to incorporate a defense raised by another defendant fails to recognize that the other Defendants were not sued for violations of the ADA, the only remaining claim before the Court. Thus, as a matter of fact, prior to April 22, 2011, Plaintiff was not afforded notice that any defendant was asserting a mitigation of damages defense as to Plaintiff's ADA claim.  Accordingly, the Court finds that Defendant has not shown good cause and the Motion to Amend will be denied.

**Plaintiff's Motion to Supplement Witness List (Doc. #492)**

Plaintiff seeks permission to add Dr. Adrian Butler to his witness list for trial.  See generally Motion.  Plaintiff states that Dr. Butler performed carpal tunnel surgery on Plaintiff in October 2011 and Dr. Butler's testimony is relevant to Plaintiff's actual damages, especially in light of Defendant's recent motion to raise mitigation of damages as an affirmative defense.  Id. at 2, ¶8.

Defendant opposes the Motion claiming that Plaintiff would be highly prejudiced by this last minute addition of Dr. Butler.  Response at 1, ¶2.  Defendant points out that the disclosure of this witness is well past the discovery deadline of March 21, 2010, and Defendant did not have an opportunity to depose Dr. Butler.  Id.

The Court does not find that Plaintiff has demonstrated good cause to permit him to supplement his witness list at this late date.  Sosa v. Airprint Sys. Inc., 133 F.3d at 1418 n.2.  Additionally, during the Final Pretrial Conference held on Monday, June 6, 2011, Plaintiff represented to the Court that Plaintiff was seeking to add Dr. Butler due to Defendant's late attempt to amend his answer to raise the mitigation of damages defense.  Consequently, in light of the Court denying Defendant's Motion to Amend Answer, in the alternative, Plaintiff's Motion to Supplement is **DENIED.**

**Plaintiff's Motion to Strike (Doc. #496)**

Plaintiff moves the Court to strike James Upchurch from Defendant's Witness List because Defendant failed to disclose the identity of Upchurch during discovery. In response, Defendant acknowledges that James Upchurch was not timely disclosed to Plaintiff during discovery and agree that Upchurch may only be called as a rebuttal witness, if appropriate.

ACCORDINGLY, for the reasons set forth above, it is hereby **ORDERED**:

1. Defendant's Motion to Amend/Correct Answer (Doc. #487) is **DENIED**.

2. Plaintiff's Motion to Supplement Disclosure/Witness List (Doc. #492) is **DENIED**.

3. Plaintiff's Motion to Strike (Doc. #496) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, on this __8th__ day of June, 2011.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-6-